FILED
-, RO

**KENNETH E. ROMNEY, JR. AND TAMMY ROMNEY**
**1025 HOLDEN AVENUE**
**BIG BEAR CITY, CA 92314**
**TEL:** (909) 936 2803
**EMAIL:** Kenney Romney 77 @ yahoo . com
**Plaintiffs In Pro Per**
FAX 800 226 9808

2018 APR 23 PM 12: 50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SVW

ED CV18-00842 (AFMx)

| | |
|---|---|
| KENNETH E. ROMNEY, JR. AND TAMMY ROMNEY<br>    Plaintiff<br>vs<br><br>BANK OF AMERICA, N.A.<br>  SHELLPOINT MORTGAGE, LLC<br>    Defendants | COMPLAINT FOR:<br>Action for Damages<br>brought from Defendant:<br>violations of the Fair Debt<br>Collection Practices Act<br>(FDCPA) 15 U.S.C. §1692;<br>  and CA Rosenthal<br>(RFDCPA) Sec. 1788; Truth<br>In Lending Act (TILA) 15<br>USC 1635; Jesinoski v.<br>Countrywide Home Loans<br>2015; Real Estate<br>Settlement Practices Act<br>(RESPA) 12 U.S.C. §2605<br>et seq.; Wrongful<br>Foreclosure<br>California Code of Civil<br>Procedure 336a ;<br>CALIFORNIA BUSINESS<br>AND PROFESSIONS CODE<br>SECTIONS 17200 ET SEQ.;<br>Permanent Injunction;<br>Quiet Title;<br>Unjust Enrichment<br>Equitable Accounting<br>**JURY TRIAL DEMANDED** |

TRO
LIS
Pendens
3/30

FEE PAID

I.   **JURISDICTION**

1pm CRD

1. FEDERAL QUESTION AND DIVERSITY:

    a. **FEDERAL QUESTION:** This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1334(b).  Jurisdiction of this Court ALSO arises under 15 U.S.C. §1692k(d), the Fair Debt Collection Practices Act (FDCPA); Truth In Lending Act 15 USC 1635 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. violated, among other laws, the Unfair and Deceptive Acts and Practices laws of the Plaintiff States, the False Claims Act, the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, the Servicemembers Civil Relief Act, and the Bankruptcy Code and Federal Rules of Bankruptcy Procedure;  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, 1355(a), and 1367, and under 31 U.S.C. § 3732(a) and (b), and over Defendant.  The Complaint states a claim upon which relief may be granted against Defendant.  Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) and 31 U.S.C. § 3732(a).

    b. **DIVERSITY JURISDICTION:** Diversity Jurisdiction also exists as Bank of America is a national bank which is domiciled in

Charlotte, North Carolina and Defendant Shellpoint Mortgage Company is domiciled in Greenville South Carolina. Plaintiff resides in the State of California, and thus there exists complete diversity over the parties and the claim is in excess of $75,000.

## II. VENUE

2. Venue is proper pursuant to 28 U.S.C. §1391(b)(2). Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here. This is an action for damages which total at least $75,000 and what is deemed proper to the Court.

## III. PARTIES

3. Plaintiffs, KENNETH E. ROMNEY, JR. AND TAMMY ROMNEY, ("Plaintiffs") are natural persons and are residents of the State of California, San Bernardino County. Plaintiffs are consumers as defined by the FDCPA, 15 U.S.C. §1692a(3.)

4. Defendant, BANK OF AMERICA (BOA) and SHELLPOINT MORTGAGE, LLC ("Defendants") are both entities who at all relevant times were engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

5. Upon information and belief Defendants, SHELLPOINT MORTGAGE LLC  is NOT authorized to do business in California as of February 14th, 2011, when Shellpoint cancelled their status and therefore the use of .

6. Defendants are considered "debt collectors" as defined by 15 U.S.C. § 1692a(6).

7. The alleged debt mortgage was purportedly held by Bank of America who fraudulently acquired the same by means of fabricating a void assignment of the void mortgage and then retained Defendants, Shellpoint Mortgage LLC to collect the void mortgage from Plaintiffs.

8. Bank of America hired SHELLPOINT MORTGAGE LLC who is not licensed to do business in the State of California, and is banned from doing business here and has been doing business here unlawfully.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff hereby requests the Court take Judicial Notice of the following:

    a. EXHIBIT 1 – GRANT DEED Item 12 - Transaction Date: 12/15/2004,
    APN: 0313-034-03
    Buyer/Borrower:  ROMNEY JR, KENNETH E; ROMNEY, TAMMY
    Seller:      ABBOTT, IDA B
    Title Company
    Transaction Value:      $365,000.00
    Transaction Type:      Transfer
    Deed Type:  Grant Deed

1    Doc #:        2004-0924999

2    b. EXHIBIT 2 – MORTGAGE Item 11 - Transaction Date:
3       12/15/2004
        Buyer/Borrower:  ROMNEY JR, KENNETH E; ROMNEY,
4       TAMMY
        Seller:        ABBOTT, IDA B
5       Title Company
6       Transaction Value:        $365,000.00
        Transaction Type:         Transfer
7       Deed Type:  Grant Deed
        Doc #:        2004-0924999
8       Lender:        UNITED PACIFIC MORTGAGE
9       Full/Partial:
        Multiple/Portion:
10      First Loan:  $298,000.00
        Loan Type:  Unknown Loan Type
11      Interest Rate Type:
12      Second Loan Amount:

13   c. EXHIBIT 3 - APN: 0313-034-03 Item 10 - Transaction Date:
14      12/15/2004
        Buyer/Borrower:  ROMNEY JR, KENNETH E; ROMNEY,
15      TAMMY
        Seller
16      Title Company
17      Transaction Value:
        Transaction Type:         Refi
18      Deed Type:  Stand Alone Second
        Doc #:        2004-0925001
19      Lender:        MANDALAY MORTGAGE
20      Full/Partial:
        Multiple/Portion:
21      First Loan:  $74,500.00
        Loan Type:  Stand Alone Second
22      Interest Rate Type:
23      Second Loan Amount:

24   d. EXHIBIT 4 - APN: 0313-034-03 Item 9 - Transaction Date:
25      07/16/2007
        Buyer/Borrower:  ROMNEY JR, KENNETH E; ROMNEY,
26   TAMMY

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Seller:
Title Company
Transaction Value:
Transaction Type:
Deed Type:  Deed of Trust
Doc #:      2004-0925000
Mortgage Record
Lender:     UNITED PACIFIC MORTGAGE D/B/A
MANDALAY MORTGAGE
Full/Partial:
Multiple/Portion:
First Loan:  $298,000.00
Loan Type:
Interest Rate Type:
Second Loan Amount:

   e.  EXHIBIT 5 - APN: 0313-034-03 Item 8 - Transaction Date:
07/16/2007
Buyer/Borrower:  ROMNEY JR, KENNETH E; ROMNEY,
TAMMY
Seller:
Title Company
Transaction Value:
Transaction Type:      Refi
Deed Type:  Conventional
Doc #:      2007-0418259
Mortgage Record
Lender:     FREEDOM HOME MORTGAGE CORP (FN)
Full/Partial:
Multiple/Portion:
First Loan:  $440,000.00
Loan Type:  Conventional
Interest Rate Type:
Second Loan Amount:

   f.  EXHIBIT 6 APN:    0313-034-03 Item 7 - Transaction Date:
07/24/2007
Buyer/Borrower:  KENNETH E ROMNEY JR
Seller:
Title Company
Transaction Value:
Transaction Type:

Deed Type:  Full Reconveyance
Doc #:        2007-0434072

g.  EXHIBIT 7 APN:    0313-034-03 Item 6 - Transaction Date:
    08/24/2011
    Buyer/Borrower:  KENNETH E ROMNEY JR
    Seller:
    Title Company
    Transaction Value:
    Transaction Type:
    Deed Type:  Assignment of Mortgage
    Doc #:        2011-0357125

h.  EXHIBIT 8 Notice of Default Item 5 - Recording Date:
    10/31/2011
    APN: 0313-034-03
    Trustor:
    Trustee:
    Delinquent Amount:
    Original Loan Date:
    Original Loan Amount:
    Beneficiary:
    Doc #:        2011-0451343

i.  EXHIBIT 9 Notice of Sale Item 4 - Recording Date: 2/8/2012
    APN: 0313-034-03
    Trustor:
    Trustee:
    Delinquent Amount:
    Original Loan Date:
    Original Loan Amount:
    Beneficiary:
    Doc #:        2012-0050895

j.  EXHIBIT 10 – Notice of Rescission Item 3 - Transaction Date:
    01/15/2013
    APN: 0313-034-03
    Buyer/Borrower:
    Seller:
    Title Company
    Transaction Value:
    Transaction Type:

Deed Type:  Notice of Rescission
Doc #:        2013-0017438

k.  EXHIBIT 11 - Assignment of Mortgage Item 2 - Transaction
Date: 05/26/2016
APN: 0313-034-03
Buyer/Borrower:  KENNETH E ROMNEY JR
Seller:
Title Company
Transaction Value:
Transaction Type:
Deed Type:  Assignment of Mortgage
Doc #:        2016-0206974

l.  EXHIBIT 12 – NOTICE OF DEFAULT – Item 1 - Recording
Date: 11/28/2017
Recording Date: 11/28/2017
APN:  0313-034-03
Trustor:
Trustee:
Delinquent Amount:
Original Loan Date:
Original Loan Amount:
Beneficiary:
Doc #:        2017-0504622

m. EXHIBIT 13 – ORDER REVOKING CALIFORNIA FINANCE
LENDERS LICENSE PURSUANT TO SECTION 22107
FINANCIAL CODE, FILE NO. 6030205.

n.  MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.
resigned its corporate status on 3/25/2009 and MERS
resigned its corporate status on 7/29/2011. MERS COULD
NOT THEREFORE CONDUCT BUSINESS IN THE STATE OF
CALIFORNIA, THAT THE TRANSFER MADE BY MERS WAS
INVALID, VOIDING THE WHOLE TRANSACTION.

10.      EXHIBIT 1 is a GRANT DEED, dated 12/15/2004, conveying

the interest in APN: 0313-034-03 to ROMNEY   JR,   KENNETH   E;

ROMNEY, TAMMY and Plaintiff's acquired the property from the

Sellers, ABBOTT, IDA B for $365,000.00, Document # 2004-0924999 and whose address is 1025 Holden Avenue, Big Bear City, CA 92314, and whose legal description is Lot 25, Tract 2705, in the County of San Bernardino, State of California, as per map recorded in Book 39, Page 75 of Maps, in the office of the County Recorder of said County.

11.     EXHIBIT 2 is a MORTGAGE recorded on 12/15/2004 claiming that the borrower is ROMNEY JR, KENNETH E; ROMNEY, TAMMY, Doc #:2004-0924999, and the lender, as evidenced on the face of the document was purported to be UNITED PACIFIC MORTGAGE D/B/A MANDALAY MORTGAGE, A GENERAL PARTNERSHIP.

12.     United Pacific Mortgage California Finance Lenders License was revoked pursuant to Section 22107 ON November 28th, 2017, and was no longer in business, was not longer entitled to do business, and certainly did not authorize any transfer or assignment of the mortgages that they created, if any.

13. EXHIBIT 3 is another Mandalay Mortgage, on APN:     0313-034-03, dated 12/15/2004, Doc #:     2004-0925001; and

14. EXHIBIT 4, APN:  0313-034-03, Deed of Trust, Doc #:  2004-0925000, Lender: UNITED PACIFIC MORTGAGE D/B/A MANDALAY MORTGAGE.

15.     EXHIBIT 5, APN: 0313-034-03, which was recorded on 07/16/2007, is a FREEDOM HOME MORTGAGE CORP (FN) Deed of Trust which was recorded by a New Jersey corporation which is not licensed to do business in this state, is not registered to do business here, and was doing business unlawfully, making the mortgage VOID ab initio as an illegal mortgage[1].

---

[1] California Financing Law (contained in Division 9 of the California Financial Code, commencing with Section 22000.(Financial Code § 22000 et seq.)) requires licensing and regulation of finance lenders and brokers making and brokering consumer and commercial loans, except as specified; prohibits misrepresentations, fraudulent and deceptive acts in connection with making and brokering of loans; and provides administrative, civil (injunction and ancillary relief) and criminal remedies for violations of the law. Effective October 4, 2017, the name of the "California Finance Lenders Law" changed to the "California Financing Law." (Assem. Bill No. 1284 (2017-2018 Reg. Sess.) § 4.) The regulations under the California Financing Law are contained in Chapter 3, Title 10 of the California Code of Regulations, commencing with Section 1404 (10 C.C.R. §1404, et seq.).  Finance lenders and brokers, by number of licensees and dollars of loans originated, is the largest group of financial service providers regulated by the Department. A finance lender is defined in the law as "any person who is engaged in the business of making consumer loans or making commercial loans." A finance lenders license provides the licensee with an exemption from the usury provision of the California Constitution. In addition to the lending authority provided by the law, the California Financing Law provides limited brokering authority. A "broker" is defined in the law as "any person engaged in the business of negotiating or performing any act as broker in connection with loans made by a finance lender." **Brokers licensed under this law may only broker loans to lenders that hold a California Finance Lenders license.** The requirements for a license are set forth in Section 22100, et seq. of the California Financial Code. The law requires applicants to have and maintain a minimum net worth of at least $25,000 and to obtain and maintain a $25,000 surety bond. In general, principals of the company may not have a criminal history or a history of non-compliance with regulatory requirements.In general, any person engaging in the business of a finance lender or finance broker is required to obtain a California Finance Lenders license. A finance broker licensed under the California Financing Law may only broker loans to lenders licensed as finance lenders. A finance lender includes any person engaged in the business of making consumer loans or making commercial loans. "Finance broker" includes any person engaged in the business of negotiating or performing any act as broker in connection with loans made by a finance lender. A finance broker licensed under the California Financing Law may only

16.     A search of the public records shows that Freedom Home Mortgage was an unlicensed lender and did business illegally here, making the mortgage void.

17.     EXHIBIT 6, was recorded on 07/24/2007 was a recorded Full Reconveyance, Doc #: 2007-0434072.

18.     EXHIBIT 7, recorded on 08/24/2011, Defendant Bank of America recorded an Assignment of Deed of Trust of the Freedom Home Mortgage Corporation void mortgage AFTER it was no longer in business anywhere, and while it was NOT licensed to do business in this state.

19.     What's worse, is that Bank of America recorded the assignment in favor of BAC HOME LOANS SERVICING, LP, FKA COUNTRWIDE HOME LOANS SERVICING, LP, by having Cynthia Santos, Bank of America's employee, posing as an assistant secretary of MERS who has no employees and no officers assign the interest to BAC HOME LOANS SERVICING, LP, FKA COUNTRWIDE HOME LOANS SERVICING, LP,.

20.     There is no recorded authority for Cynthia Santos to execute documents on behalf of the defunct entity Bank of America or BAC

---

broker loans to lenders licensed as finance lenders. The license does not provide the broker with the authority to broker loans to and collect brokerage commissions from other types of lenders such as credit unions and banks.

HOME LOANS SERVICING, LP, FKA COUNTRWIDE HOME LOANS SERVICING, LP.

21.    The mortgage was void, the assignment of the void mortgage constitutes a felony of recording a falsely prepared, fraudulently executed document in the official records of this County.

22.    Said fraudulent document, the Assignment of Mortgage, Doc #: 2011-0357125 must be voided as fraudulent, a felony, and executed illegally in the State of California in violation of Statute and said fraudulently executed and recorded assignment occurred on August 24th, 2011.

23.    Said assignment was purportedly executed by Cynthia Santos, but the attached signature exemplars clearly show that the signature is not authentic, a felony and a forgery, See Exhibit 15.

24.    EXHIBIT 8 was a Notice of Default, whose Recording Date was 10/31/2011, Document Number 2011-0451343, was recorded by Recontrust was banned from doing business in this state due to their failure to conduct business lawfully.

25.    EXHIBIT 9 is a Notice of Sale Recorded, Document # 2012-0050895 on 2/8/2012 in the official records by Reconstruct.

26.    Recontrust was never properly appointed as a valid trustee; they were seeking to enforce a fraudulently recorded, void mortgage

which was based on a fraudulently recorded, void assignment, that was not even assigned to Bank of America, but instead assigned to BAC HOME LOANS SERVICING, LP, FKA COUNTRWIDE HOME LOANS SERVICING, LP, NOT to the Defendant, Bank of America, but Bank of America listed itself in the fraudulent notice as the payee.

27.     Page two of Exhibit 9 admits that the mortgage servicing specialist worked for Bank of America, N.A. who was NOT EVEN the recorded assignee of the mortgage.

28.     EXHIBIT 10 is a Notice of Rescission of the 01/15/2013, fraudulently recorded notice (Exhibit 9), and Document number 2013-0017438.

29.     EXHIBIT 11 is an Assignment of Mortgage, document number 2016-0206974 which was recorded on 05/26/2016.

30.     That assignment of mortgage, EXHIBIT 11, was clearly fraudulent and a felony.

31.     Steven Arredondo claims to be the vice president of Recontrust Company, NA. and authorized to execute documents on behalf of MERS.

32.     Said representations are false, as the obligations were not in favor of MERS, and the Lender was not even in existence at the time of the purported notice of assignment or default.

33.     According to the public records the Assignment of Mortgage, the EXHIBIT 12 – NOTICE OF DEFAULT was recorded on 11/28/2017 in the official records of this County and it is Doc Number 2017-0504622.

34.     That document, on its face, claims that the entity to contact for payment is Defendant Shellpoint Mortgage Servicing, which, as stated above, is neither licensed to do business in this state, nor is it doing business here lawfully; it is not a registered collection agency; and is further barred from doing business here.

35.     Said notice is further defective as Shellpoint cannot enforce a void mortgage.

36.     That as stated above, the mortgage was purportedly assigned to BAC HOME LOANS SERVICING, LP, FKA COUNTRWIDE HOME LOANS SERVICING, LP, but they claim no interest in the subject mortgage; instead Bank of America, Defendant herein, claims to be the owner.

37.     Bank of America is NOT listed in the purported assignment and thus it is a void notice of sale, a fraudulently recorded document, and direct evidence of a felony committed in this state.

## 1ST CAUSE OF ACTION

## (VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA),

## (15 U.S.C. §1692)

## (As against Defendant(s) BANK OF AMERICA (BOA)

## and

## SHELLPOINT MORTGAGE LLC

38.     Paragraphs 1 through 36 are re-alleged as though fully set forth

herein.

39.     Plaintiff is a consumer within the meaning of the FDCPA, 15

U.S.C. § 1692a(3).

40.     Defendants   BANK   OF   AMERICA   (BOA)   and   Defendant

SHELLPOINT are debt collectors within the meaning of the FDCPA, 15

U.S.C. §1692a(6).

41.     Defendant Shellpoint, acting on behalf of BANK OF AMERICA

(BOA) violated the FDCPA. Defendants' violations include, but are not

limited to, the following:

42.     Defendant BANK OF AMERICA BOA) violated 15 U.S.C. §1692d

by engaging in conduct, the natural consequence of which is to

harass, oppress, or abuse Plaintiff by attempting to collect a debt

without proper validation of debt as requested by Plaintiff via Debt

Validation letters / Qualified Written Request.

43.   Defendants engaged in false or misleading representations in communications or means in connection with the debt collection, violating §1692e.

   a. Defendant BANK OF AMERICA (BOA), individually and by and through Defendant Shellpoint, Violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of an alleged debt, by claiming standing to ownership of the disputed property and ability to collect a void obligation.

   b. Defendant BANK OF AMERICA (BOA), individually and by and through Defendant Shellpoint, violated 15 U.S.C. §1692e(6) by engaging in the sale or transfer of an interest in a debt that could cause Plaintiff to lose her claim or defense to payment of the debt, and by claiming ownership in title to Property, which would be illegally obtained through an illegal trustee sale.

   c. Defendant BANK OF AMERICA (BOA), individually and by and through Defendant Shellpoint violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

d. Defendant BANK OF AMERICA (BOA), individually and by and through Defendant Shellpoint violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

e. Defendant BANK OF AMERICA (BOA), individually and by and through Defendant Shellpoint violated 15 U.S.C. §1692e(11) by the failure to disclose in any initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

f. Defendant BANK OF AMERICA (BOA), individually and by and through Defendant Shellpoint violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  Plaintiff never had a contract with Defendants.

g. Defendant BANK OF AMERICA (BOA), individually and by and through Defendant Shellpoint violated 15 U.S.C. §1692f(6) by taking or threatening to unlawfully repossess or disable the Plaintiff's property.

44. Defendant Bank of New York Mellon BOA) violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

45. Violated § 1692 g(B) by Defendants, as Debt Collectors, failing to cease collection efforts until the debt was validated.

46.     Defendants never properly validated the alleged debt and Plaintiff wrote a letter indicating that along with a Notice of Intent to Sue.

47.     Defendants sent an alleged Note and Deed of Trust claiming security for the debt, yet the Defendants' names were nowhere indicated on the alleged validation of debt documents.

48.     Wherefore Plaintiff Prays for Relief as Follows:

**(2nd CAUSE OF ACTION)**

**VIOLATION OF Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA)**

**(As against Defendant BANK OF AMERICA (BOA), and Defendant Shellpoint**

49.     Plaintiff alleges and incorporates the information in paragraphs 1 through 47.

50.     Plaintiff is a consumer within the meaning that is defined by *Cal. Civ. Code § 1788.2(h)*

51.     Defendants are debt collectors within the meaning of §1788.2(c)

52.     Plaintiff has failed to comply with the requirements of California Civil Code ("CC") §§ 1788, *et seq.* In particular, Plaintiff has violated, among others, the following:

a. CC § 1788.15(a): No debt collector shall collect or attempt to collect a consumer debt by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected.

b. CC §1788.17: Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.

53.     Defendant violated *§1788.13(i)* by falsely representing the true nature of the business of the defendant by sending collection letters to Plaintiff  that were vague and misleading.

54.     Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. §1692 et seq.*

55.     Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

56.     As an actual and proximate cause of the Defendant's and each of their wrongful conduct, the Plaintiff suffered real financial harm, emotional distress, trauma, and loss of credit in the sum of $1,000,000 and other damages according to proof.

57.     WHEREFORE Plaintiff prays for relief as follows:

### (3rd CAUSE OF ACTION)

### VIOLATION OF REAL ESTATE SETTLEMENT

### PROCEDURES ACT (RESPA), 12 U.S.C. §2605

### (As against Defendant(s)

### SHELLPOINT MORTGAGE LLC and BANK OF AMERICA)

58.     Paragraphs 1 through 56 are re-alleged as though fully set forth herein.

59.     Defendants are servicers of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605.

60.     Plaintiff's written requests for information about his account and correction of Defendants' numerous errors were "qualified written requests" within the meaning of RESPA.

61.     Defendants deliberately failed to respond in a proper and timely way to Plaintiff's "qualified written requests" for information about, and corrections to, the alleged mortgage account, in violation of 12 U.S.C. §2605(e).

62.     As an actual and proximate cause of the Defendant's and each of their wrongful conduct, the Plaintiff suffered real financial harm, emotional distress, trauma, and loss of credit in the sum of $1,000,000 and other damages according to proof.

63.     WHEREFORE Plaintiff prays for relief as follows:

**(4th CAUSE OF ACTION)**

**VIOLATION OF CALIFORNIA CODE OF CIVIL PROCEDURE 336a, STATUTE OF LIMITATIONS HAS RUN OUT**

**(As against Defendant(s)**

**SHELLPOINT MORTGAGE LLC and BANK OF AMERICA)**

64.     Paragraphs 1 through 62 are re-alleged as though fully set forth herein.

65.     Plaintiff has no claim nor standing in this matter as a result of the Statute of Limitations running out February 8th, 2012 to make

any claim on the alleged note and deed of trust, and even if it did have a valid claim to collect a debt, the Statute of Limitations has run out.

66.     The Statute of Limitations for making any claim against the Note and Deed of Trust ran out February 8th, 2018, due to the last payment made on the alleged note was made in August 2009.

67.     The  Statute of Limitations in California for commencement of action, **according to California Code of Civil Procedure 336a:**

    **Within six years:**

1.  An action upon any bonds, notes or debentures issued by any corporation or pursuant to permit of the Commissioner of Corporations, or upon any coupons issued with such bonds, notes or debentures, if such bonds, notes or debentures shall have been issued to or held by the public.

2.  An action upon any mortgage, trust deed or other agreement pursuant to which such bonds, notes or debentures were issued. Nothing in this section shall apply to bonds or other evidences of indebtedness of a public district or corporation.

68.     As an actual and proximate cause of the Defendant's and each of their wrongful conduct, the Plaintiff suffered real financial harm, emotional distress, trauma, and loss of credit in the sum of $1,000,000 and other damages according to proof.

69.     WHEREFORE Plaintiff prays for relief as follows:

**(5th CAUSE OF ACTION)**

**QUIET TITLE**

**(AS TO DEFENDANTS BANK OF AMERICA BOA); ALL PERSONS**

**UNKNOWN, CLAIMING ANY**

**LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST**

**IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO**

**PLAINTIFFS' TITLE, OR ANY CLOUD ON PLAINTIFFS' TITLE**

**THERETO; AND DOES 1 THROUGH 100**

69.     Paragraphs 1 through 68 are re-alleged as though fully set forth herein.

20. Plaintiff is the equitable owner of the Subject Property which has the following legal description:

PHYSICAL ADDRESS:  1025 HOLDEN AVENUE, BIG BEAR CITY, CA 92314

70.     **Legal Description:** APN: 0313-034-03 to ROMNEY JR, KENNETH E; ROMNEY, TAMMY and Plaintiff's acquired the property from the Sellers, ABBOTT, IDA B for $365,000.00, Document # 2004-0924999 and whose address is 1025 Holden Avenue, Big Bear City, CA 92314, and whose legal description is Lot 25, Tract 2705, in the County of San Bernardino, State of California, as per map recorded in

Book 39, Page 75 of Maps, in the office of the County Recorder of said County.

71.     Plaintiffs seek to quiet title against the claims of Defendants BANK OF AMERICA; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; and DOES 1 through 100 (collectively referred to herein as the "Title Plaintiff") as the Title Plaintiff holds herself out as entitled to fee simple ownership of the Subject Property by and through purchase of the property. In fact, the Defendants have no right to title or interest in the Subject Property and no right to entertain any rights of ownership including the right to foreclosure, offering the Subject Property for sale at a trustee's sale, demanding possession or filing cases for unlawful detainer.

72.     Plaintiff seek to quiet title as of December 15th, 2004. Plaintiff seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that the Title Defendants and each of them be declared to have no interest estate, right, title or interest in the subject property and that the Title Defendants, their agents and

assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs' rights.

### (6th CAUSE OF ACTION)

**REQUEST FOR PERMANENT INJUNCTION AGAINST DEFENDANTS**

73.     1 through 72 are re-alleged as though fully set forth herein.

74.     Now come the plaintiff KENNETH E. ROMNEY, JR. AND TAMMY ROMNEY and hereby make this petition made under oath, and state that I am competent and qualified to make the statements herein and do make these statements upon personal knowledge and respectfully request an order restraining the defendants from continuing to engage in the illegal attempt at a sale of the plaintiff's property described as shown on EXHIBIT 9 Notice of Sale, Recording Date: 2/8/2012 and EXHIBIT 12 – NOTICE OF DEFAULT – Item 1 - Recording Date: 11/28/2017, attached to this petition.

75.     The plaintiff has served notice of his intent to seek an injunction and other relief against the actions undertaken by the defendants with this Complaint.

76.     The defendants have served a notice of default EXHIBIT 12 – NOTICE OF DEFAULT – Item 1 - Recording Date: 11/28/2017.

77.    The defendants do not have the legal right to collect a debt because they are not the real party in interest, it is not the lender and it is not the assignee of the lender.

78.    The defendant threatens to or is procuring an act in violation of the rights of the plaintiffs respecting the subject property described herein and the plaintiffs' rights.

79.    The defendant is not the holder of any instrument, note, mortgage or otherwise, that would give them the authority to engage in or continue the pending sale.

80.    There is no adequate remedy at law or compensation would not be sufficient.

81.    The plaintiffs will suffer irreparable harm absent injunctive relief.

82.    It is likely that the plaintiff will prevail on the merits of this petition.

83.    Real property is unique, and the Plaintiff will suffer irreparable harm if Plaintiff loses this property wrongfully.

84.    The defendant will not suffer harm, loss or injury.

85.    The plaintiffs are entitled to the relief demanded.

86.    Pecuniary compensation would not afford adequate relief;

87.     It would be extremely difficult to ascertain the amount of compensation which would afford adequate relief as property is unique.

88.     The tender rule does not apply as the interest claimed by the Defendant is void.

89.     The restraint is necessary to prevent a multiplicity of judicial proceedings or the obligation arises from a trust.

90.     WHEREFORE, plaintiff demands judgment for:

    a. Permanent injunction enjoining defendant from engaging selling or attempting to sell or dispose of or committing any act that will affect the title of the listed property, including recording documents into the San Bernardino County Recorder) and

    b. Costs of this action and other just relief.

    c. Compensatory Damages for pain and suffering;

    d. As an actual and proximate cause of the Defendant's and each of their wrongful conduct, the Plaintiff suffered real financial harm, emotional distress, trauma, and loss of credit in the sum of $1,000,000 and other damages according to proof.

91.     WHEREFORE Plaintiff prays for relief as follows:

### (7th CAUSE OF ACTION)

## UNJUST ENRICHMENT

92.     Paragraphs 1 through 90 are re-alleged as though fully set forth herein.

93.     Now come the plaintiff KENNETH E. ROMNEY, JR. AND TAMMY ROMNEY re-allege the foregoing and allege the following claim for unjust enrichment against Defendants SHELLPOINT MORTGAGE LLC and BOA:

94.     The plaintiff has served notice of her intent to seek an injunction and other relief against the actions undertaken by the defendants.

95.     Plaintiff has conferred benefit on the defendant, who has knowledge thereof;

96.     Defendant voluntarily accepts and retains the benefit conferred; and

97.     The circumstances render the defendant's retention of the benefit inequitable unless the defendant pays the value of the benefit to the plaintiff.

98.     As an actual and proximate cause of the Defendant's and each of their wrongful conduct, the Plaintiff suffered real financial harm, emotional distress, trauma, and loss of credit in the sum of $1,000,000 and other damages according to proof.

99.     WHEREFORE plaintiffs demand judgment against defendant for the damages specified and costs as deemed appropriate by this court.

### (8th CAUSE OF ACTION)

### REQUEST FOR ACCOUNTING

100.     1 through 99 are re-alleged as though fully set forth herein.

101.     Plaintiff, KENNETH E. ROMNEY, JR. AND TAMMY ROMNEY, individually, hereby sues, Defendant(s) BANK OF AMERICA BOA) , as an action for damages and injunctive relief brought by Plaintiff against Defendants, and are not limited to, for violations of Fair Debt Collection Practices Act under 15 USC, §1692 *et seq* (hereinafter "FDCPA"); for violations of Rosenthal Fair Debt Collection Practices Act  §1788 (hereinafter "RFDCPA"); and violations of TILA 15 USC §1635 and RESPA 12 U.S.C. §2605 et seq.

102.     That because the Defendant has failed and refused to provide a complete accounting as required under TILA and RESPA, Plaintiffs are entitled to a judicial order compelling the Defendant to provide a complete accounting of all monies it and all its purported predecessors claims to have received from the Plaintiff; the amounts it claims it is owed; the amount of interest it has charged the Plaintiff's

account; the costs it has charged the account; all credits; all offsets; all inspection fees, etc.

103.    Defendant is entitled to an accounting of all charges placed on the account and proof that Defendant was a bona fide purchaser for value.

104.    All conditions precedent to the bringing of this action have been performed, waived or excused.

105.    Plaintiff contends that Defendants have conspired and committed fraud in order to wrongfully foreclose with total disregard for Federal and State laws.

106.    Plaintiff contends that Defendants have created and caused fraudulent documents to be filed into the public records in this County and into the State Court giving the appearance that there is a legal foreclosure going while some or all of the Defendants continue to break the law.

107.    Plaintiff contends that this is common practice by some or all Defendants nationwide and that some or all Defendants are under investigation by the U.S. Department of Justice and the Attorneys General of both the United States and California.

108.    Plaintiff contends that the SHELLPOINT MORTGAGE LLC Defendant has violated such laws by repeatedly harassing Plaintiff in

attempts to collect alleged but nonexistent debt with collection letters, including EXHIBIT 12 – NOTICE OF DEFAULT – Item 1 - Recording Date: 11/28/2017.

109.    Copies of Exhibit 12 were mailed to Plaintiff by means of the US Mail, certified mail, return receipt requested, and thus constitutes interstate commerce.

110.    Plaintiff then sent the Defendant by means of the US Mail, Certified Mail, return receipt requested, a Qualified Written Request, which the Defendant has failed and refused to respond to in writing to the Plaintifff.

111.    SHELLPOINT MORTGAGE LLC claims it is a servicer for the alleged loan.

112.    Plaintiff mailed Defendants Demand for Debt Validation and Qualified Written Request (per FDCPA and RESPA) via certified mail after November 28th, 2017 and the Defendant failed and refused to respond.

113.    The letter demanded certain documents and the answers to questions regarding the purported ownership by Bank of America and the purported servicing of Plaintiff's alleged mortgage by Defendant Shellpoint.

114.   Defendants deliberately failed to respond in a proper and timely way to Plaintiff's "qualified written requests" for information about, and corrections to, the alleged mortgage account, in violation of 12 U.S.C. §2605(e).

115.   Shellpoint has not mailed Plaintiff letters and copies of documents purporting to validate the alleged debt.

116.   The purported validation demanded payments of amounts not authorized by any contract or order of the Court.

117.   The demands made by SHELLPOINT MORTGAGE LLC as the servicer for BOA and who demanded that Plaintiff make payoff to SHELLPOINT MORTGAGE LLC cannot validate the amounts that are purportedly claimed in the notice they recorded in the official records of this County.

118.   The Defendant has not provided any signed contract nor legitimate assignments showing a transfer of any loan and could not and did not prove they were bona fide purchasers for value.

119.   Defendants cannot validate the debt.

120.   Defendants fail to reference any document whatsoever that the subject property at 1025 HOLDEN AVENUE, BIG BEAR CITY, CA 92314 (the "Property" or "Home") was ever properly conveyed to it or any party with which it may be in privity.

121.   Defendants allege that it is the holder and nominal beneficiary of the promissory note.

122.   Defendant does not state that it is the holder in due course of the Note, and cannot for the reasons set forth more fully below.

123.   Plaintiff, pursuant to the Federal Truth In Lending Act and the unanimous United States Supreme Court January 2015 decision in *Jesinoski v. Countrywide Home Loans, Inc.* (2015) 729 F. 3$^d$ 1092, mailed by Certified Mail a rescission letter to Defendant, Bank of America and Defendant Shellpoint.

124.   Defendants did not file this lawsuit within 20 days of receipt of Plaintiff's rescission letter, as required by Federal Truth In Lending Act statutes and the *Jesinoski* decision referenced above.

125.   Wherefore Plaintiff Prays for Relief as Set Forth below:

### (9th CAUSE OF ACTION)

### WRONGFUL FORECLOSURE

126.   1 through 125 are re-alleged as though fully set forth herein.

127.   That Defendants instituted wrongful foreclosure proceedings against the Plaintiff that has caused the Plaintiff irreparable harm to their finances, to the value of their property and caused them to suffer severe emotional distress.

128.   That the Defendants institute wrongful foreclosure

proceedings before it had standing to do so.

129.     That the Defendants then rescinded the foreclosure and then instituted it again in 2017.

130.     Said institution of proceedings are wrongful and were done for the intent of causing and did cause severe financial harm to the Plaintiffs.

131.     Wherefore Plaintiff Prays for Relief as Set Forth below:

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request the Court:

132.     Grant Judgment against the Defendants the Defendants' Recorded Mortgage, quieting title in favor of the Plaintiff and against the Defendant and all others, in the property whose legal description is APN: 0313-034-03 to ROMNEY JR, KENNETH E; ROMNEY, TAMMY and Plaintiff's acquired the property from the Sellers, ABBOTT, IDA B for $365,000.00, Document # 2004-0924999 and whose address is 1025 Holden Avenue, Big Bear City, CA 92314, and whose legal description is Lot 25, Tract 2705, in the County of San Bernardino, State of California, as per map recorded in Book 39, Page 75 of Maps, in the office of the County Recorder of said County.

133.     That The following documents are void and should be stricken from the public records:

a. EXHIBIT 2 – MORTGAGE Item 11 - Transaction Date: 12/15/2004
   Buyer/Borrower: ROMNEY JR, KENNETH E; ROMNEY, TAMMY
   Seller:       ABBOTT, IDA B
   Title Company
   Transaction Value:      $365,000.00
   Transaction Type:      Transfer
   Deed Type: Grant Deed
   Doc #:      2004-0924999
   Lender:      UNITED PACIFIC MORTGAGE
   Full/Partial:
   Multiple/Portion:
   First Loan: $298,000.00
   Loan Type:  Unknown Loan Type
   Interest Rate Type:
   Second Loan Amount:

b. EXHIBIT 3 - APN: 0313-034-03 Item 10 - Transaction Date: 12/15/2004
   Buyer/Borrower: ROMNEY JR, KENNETH E; ROMNEY, TAMMY
   Seller
   Title Company
   Transaction Value:
   Transaction Type:      Refi
   Deed Type: Stand Alone Second
   Doc #:      2004-0925001
   Lender:      MANDALAY MORTGAGE
   Full/Partial:
   Multiple/Portion:
   First Loan: $74,500.00
   Loan Type:  Stand Alone Second
   Interest Rate Type:
   Second Loan Amount:

c. EXHIBIT 4 - APN: 0313-034-03 Item 9 - Transaction Date: 07/16/2007
   Buyer/Borrower: ROMNEY JR, KENNETH E; ROMNEY, TAMMY
   Seller:
   Title Company

Transaction Value:
Transaction Type:
Deed Type:  Deed of Trust
Doc #:        2004-0925000
Mortgage Record
Lender:      UNITED     PACIFIC      MORTGAGE       D/B/A
MANDALAY MORTGAGE
Full/Partial:
Multiple/Portion:
First Loan:  $298,000.00
Loan Type:
Interest Rate Type:
Second Loan Amount:

   d.  EXHIBIT 5 - APN: 0313-034-03 Item 8 - Transaction Date:
07/16/2007
Buyer/Borrower:  ROMNEY   JR,   KENNETH   E;   ROMNEY,
TAMMY
Seller:
Title Company
Transaction Value:
Transaction Type:        Refi
Deed Type:  Conventional
Doc #:        2007-0418259
Mortgage Record
Lender:        FREEDOM HOME MORTGAGE CORP (FN)
Full/Partial:
Multiple/Portion:
First Loan:  $440,000.00
Loan Type:  Conventional
Interest Rate Type:
Second Loan Amount:

   e.  EXHIBIT 7 APN:   0313-034-03 Item 6 - Transaction Date:
08/24/2011
Buyer/Borrower:  KENNETH E ROMNEY JR
Seller:
Title Company
Transaction Value:
Transaction Type:
Deed Type:  Assignment of Mortgage
Doc #:        2011-0357125

f.  EXHIBIT 8 Notice of Default Item 5 - Recording Date: 10/31/2011
APN: 0313-034-03
Trustor:
Trustee:
Delinquent Amount:
Original Loan Date:
Original Loan Amount:
Beneficiary:
Doc #:       2011-0451343

g.  EXHIBIT 9 Notice of Sale Item 4 - Recording Date: 2/8/2012
APN: 0313-034-03
Trustor:
Trustee:
Delinquent Amount:
Original Loan Date:
Original Loan Amount:
Beneficiary:
Doc #:       2012-0050895

h.  EXHIBIT 11 - Assignment of Mortgage Item 2 - Transaction Date: 05/26/2016
APN: 0313-034-03
Buyer/Borrower:  KENNETH E ROMNEY JR
Seller:
Title Company
Transaction Value:
Transaction Type:
Deed Type:  Assignment of Mortgage
Doc #:       2016-0206974

i.  EXHIBIT 12 – NOTICE OF DEFAULT – Item 1 - Recording Date: 11/28/2017
Recording Date: 11/28/2017
APN: 0313-034-03
Trustor:
Trustee:
Delinquent Amount:
Original Loan Date:
Original Loan Amount:

Beneficiary:
Doc #:        2017-0504622

134.     Find that the Plaintiffs are entitled to quiet title, free and clear

of all liens, encumbrances, and an order vacating and dismissing the

fraudulent mortgage; find the foreclosure action thereon, was a false

filing based on void mortgages and assignments, and nothing more

than an attempted theft of the equity in the Plaintiffs property and

strike the documents from the record and vacate the notice of default;

find no VALID assignment existed;  and deem the note fraudulent;

and deem the note and mortgage void ab initio, and therefore stricken

from the official records of this County as they are all fraudulent;

135.     That the Court finds that as a result of all the allegations

contained herein in this suit, Plaintiffs have actually and proximately

suffered actual damages in the sum of one million dollars; are seeking

and entitled to receive treble damages of three million dollars, and an

accounting of profits made by Defendant Bank of America and

Defendant Shellpoint as a result of their nationwide practice of

committing bank fraud and profits from use of fraudulently executed

documents (lis pendens and other pleadings filed by Bank of America

on its own behalf), for dual tracking, and for its employees purporting

themselves to be employed by the predecessors in interest, as

occurred here.

136.    Punitive damages are available also to the Plaintiff here, as the conduct is particularly despicable, harmful, willful and intentional as they committed fraud and should be required to stand trial for the commission of multiple felonies in this state.

137.    Grant the Plaintiff its costs according to a costs bill;

138.    Plaintiff demands judgment against SHELLPOINT MORTGAGE LLC and BOA for a proper accounting and application of mortgage payments and for actual, statutory, treble and/or punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant but not limited to12 U.S.C. §2605.

139.    Plaintiff demands judgment for damages against BANK OF AMERICA and SHELLPOINT MORTGAGE, LLC, for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

140.    WHEREFORE, Plaintiffs pray for judgment against the Defendants and each of them, jointly and severally, as follows:

141.    To quiet title in favor of Plaintiff and against Defendants.

142.    For compensatory, special, general and punitive damages according to proof against all Defendants.

143. For civil penalties pursuant to statute, restitution, injunctive relief and reasonable attorneys fees according to proof.

144. For reasonable costs of suit and such other and further relief as the Court deems proper.

145. Judgment for statutory damages against Defendant, for actual or statutory damages and punitive damages in the amount of not less than $75,000, plus fees and costs, pursuant to 15 USC 1692k(2) ; the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code § 1788.30(b) and § 1788.30 (c)*, and costs pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code § 1788.30(c)*; removal of unpermissible pulls in credit report, and any other relief that this Honorable Court deems appropriate.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law

Respectfully Submitted,

April 10, 2018

**KENNETH E. ROMNEY, JR. AND TAMMY ROMNEY**
**1025 HOLDEN AVENUE**
**BIG BEAR CITY, CA 92314**
**TEL:**
**EMAIL:**
**Plaintiffs In Pro Per**

COMPLAINT
ROMNEY v. BANK OF AMERICA AND SHELLPOINT
Page 41

1

## VERIFICATION

2

I declare under penalty of perjury that I have read the foregoing, and it is true and correct,

3

except as to those matters which are based on information and belief, and as to those matters, I believe them to be true; and I executed this Verification on:

4

April 20, 2018

5

**KENNETH E. ROMNEY, JR. AND TAMMY ROMNEY**

6

**1025 HOLDEN AVENUE**

**BIG BEAR CITY, CA 92314**

7

**TEL:**

**EMAIL:**

8

**Plaintiffs In Pro Per**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28