UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:18-cv-00842-SVW-AFM | Date | June 25, 2018 |
| Title | Kenneth E. Romney, Jr. et al v. Bank of America, N.A. et al | | |

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DISMISSING FOR LACK OF STANDING AND NON-OPPOSITION [20]

I. **Introduction**

The Court finds that Plaintiffs here lack standing to bring their claims. As explained below, the Court DISMISSES Plaintiffs' claims.

II. **Factual and Procedural Background**

*Pro se* Plaintiffs Kenneth Romney, Jr. and Tamy Romney brought this action in federal court on April 23, 2018. They filed a First Amended Complaint (FAC) on May 3, 2018. In the FAC, Plaintiffs allege claims against Defendants Bank of America and Shellpoint Mortgage under the Fair Debt Collection Practices Act (FDCPA), the California Rosenthal Fair Debt Collection Practices Act (RFDCPA), Real Estate Settlement Procedures Act (RESPA), and California Code of Civil Procedure 336a, which is the California Statute of Limitations. Plaintiffs allege numerous other state law claims. Dkt. 1.

Plaintiffs acquired the relevant property, located at 1025 Holden Avenue, Big Bear City, California, 92314 (legally described as Lot 25, Tract 2705, in the County of San Bernardino), on December 15, 2004. The 2004 mortgage lender was United Pacific Mortgage (UPM). According to Plaintiffs, UPM's license was revoked on November 28, 2017. Based on the complaint, it is unclear what claims occurred with regard to UPM or another mortgage company Plaintiffs mention, Freedom

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-00842-SVW-AFM | Date | June 25, 2018 |
|---|---|---|---|
| Title | *Kenneth E. Romney, Jr. et al v. Bank of America, N.A. et al* | | |

Home Mortgage (FHM).

Plaintiffs then allege that in 2011 Defendant Bank of America recorded an Assignment of Deed of Trust of the Freedom Home Mortgage Corporation's void mortgage after FHM was no longer in business, and while it was not licensed to do business in California. Plaintiffs allege that Bank of America recorded the assignment in favor of BAC Home Loans Servicing by having Cynthia Santos, Bank of America's employee, pose as an assistant secretary of MERS. Plaintiffs do not explain what MERS is or how BAC is related to this action.

Plaintiffs then allege that there is no recorded authority for Cynthia Santos to execute documents on behalf of what Plaintiffs state is the "defunct entity Bank of America" or BAC. Accordingly, Plaintiffs claim the mortgage was void and fraudulently prepared. Plaintiffs state a number of other allegations that are related to this property; however, the pleadings are not clear as to how those allegations lead to the claims in this case.

Plaintiffs twice filed for emergency injunctive relief. Dkts. 6, 13. The Court denied both motions. Dkts. 11, 16. Defendant Bank of America filed a Motion to Dismiss on May 29, 2018. Dkt. 20. Among other things, the Motion to Dismiss argues that Plaintiffs lack standing. *Id*. at 3:26-4:22. Defendant Shellpoint Mortgage filed a motion to join Bank of America's Motion to Dismiss on June 4, 2018. Dkt. 24. Plaintiffs have not filed anything with the Court since submitting their First Amended Complaint.

Plaintiffs have neither filed an opposition nor provided notice of non-opposition, despite the deadline passing on June 11, 2018. Plaintiffs have not provided the Court with any rationale for the lack of opposition. Pursuant to Local Rule 7-12, the "Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion." L.R. 7-12. Accordingly, the Court deems Plaintiffs' failure to file consent to the motion. Furthermore, the Court holds that Plaintiffs lack standing to bring this claim. Accordingly, the Court GRANTS Defendants' Motion to dismiss pursuant to Local Rule 7-12 and on the merits.

**III.  Analysis**
    **a.  Requirements for Article III Standing**

Standing doctrine stems from Article III of the Constitution, which limits the judicial power of

                                                                                                                                                                                                                             :

                                                                                                                  Initials of Preparer

                                                                                                                                               PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-00842-SVW-AFM | Date | June 25, 2018 |
|---|---|---|---|
| Title | *Kenneth E. Romney, Jr. et al v. Bank of America, N.A. et al* | | |

federal courts to "actual cases or controversies." *Spokeo v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id*. The "'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). This case concerns the first element.

"To establish injury-in-fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent.'" *Id*. at 1548 (quoting *Lujan*, 504 U.S. at 560). A "concrete injury must be de facto; that is, it must actually exist." *Id*. A plaintiff cannot automatically satisfy the injury-in-fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. at 1549. A "bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. *Id*.

"The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. Without constitutionally-required, Article III jurisdiction, this Court cannot proceed.

   b. Discussion

"[D]ebtors that fail to disclose pending litigation in bankruptcy lack standing to pursue their claim because, by operation of law, any 'unscheduled' asset remains in the bankruptcy estate's property. . . . Because the debtor does not have an interest in the asset, the debtor does not have standing." *Skinner v. Ladder*, 2017 U.S. Dist. LEXIS 211038 at *3 (C.D. Cal. June 26, 2017) (citing *Cusano v. Klein*, 264 F.3d 936, 945-46 (9th Cir. 2001) and *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004)).

Here, Plaintiffs defaulted on their mortgage in April 2017. Dkt. 20 at 3:3-4. They filed their initial Complaint on April 23, 2018 and then filed for bankruptcy on May 7, 2018. Dkt. 20 at 3:11-13. Plaintiffs did not disclose any of their claims against Defendants in their bankruptcy proceedings. *Id.* at 4:13-14. Consequently, Plaintiffs lack standing to bring suit against Defendants.[1]

---

[1] Plaintiffs could perhaps have standing under an exemption to the undisclosed asset rule; however, Plaintiffs here have not

: _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-00842-SVW-AFM | Date | June 25, 2018 |
|---|---|---|---|
| Title | *Kenneth E. Romney, Jr. et al v. Bank of America, N.A. et al* | | |

**V. Conclusion**

    For the foregoing reasons, Plaintiffs lacks standing under Article III for each of their claims. Plaintiffs also failed to oppose the motion, as required under Local Rule 7-12. Accordingly, this Court DISMISSES Plaintiffs' claims.

---

provided any reason for their failure to disclose, and thus no exemption to the general rule above is available. *Id*. at 4:13-20.

: _____

Initials of Preparer

PMC